NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JSM AT BRICK, LLC, a New Jersey Limited Liability Company, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DEWBERRY-GOODKIND, INC., a New York Corporation,<br><br>Defendant. | Civil Action No.: 10-5779 (PGS)<br><br>**MEMORANDUM AND ORDER** |

The contract between Plaintiff Edgewood Properties, Inc. ("Edgewood") and Defendant Dewberry-Goodkind, Inc. ("Dewberry") (the "Contract") includes a forum selection clause that rests proper venue in the Eastern District of Virginia. Plaintiff JSM At Brick, LLC ("JSM") claims to be a third-party beneficiary under the Contract.

Forum selection clauses apply to third-party beneficiaries in the District of New Jersey.[1] *See D'Elia v. Grand Caribbean Co., Ltd.*, 2010 WL 1372027, at * 3 (D.N.J. Mar. 30, 2010) ("In the Third Circuit, a non-signatory party may enforce a forum selection clause in a contract if that party is a third-party beneficiary of the contract or is closely related to the contractual relationship or

---

[1] Under New Jersey law, "A third-party beneficiary may accept the benefits of the contract, *but is also bound by any burdens or restrictions created by it.*" *Allgor v. Travelers Ins. Co.*, 280 N.J. Super. 254, 261 (App. Div. 1995) (emphasis added).

1

dispute such that it is foreseeable that the party will be bound." (citations omitted); *Four River Exploration, LLC v. Bird Res., Inc.*, 2010 WL 216369, at * 3 (D.N.J. Jan. 15, 2010) ("Courts in [the District of New Jersey] have consistently held that non-signatory third-parties who are 'closely related to [a] contractual relationship' are bound by forum selection clauses contained in the contracts underlying the relevant contractual relationships." (internal quotation marks and citations omitted). This approach is consistent with that of the Eastern District of Virginia.[2] *Watkins v. M/V London Senator*, 112 F. Supp. 2d 511, 520 (E.D. Va. 2000) ("[The forum selection clause] is a 'benefit' contained in the contract to which SSA is a third party beneficiary. Consequently, the forum selection clause applies to SSA.").

Here, JSM claims to be a third-party beneficiary under the Contract. As a result, this Court instructs JSM to submit a letter brief not to exceed five pages in which JSM asserts why – given JSM's alleged status as a third-party beneficiary under the Contract – this matter should not be transferred to the Eastern District of Virginia. Dewberry may submit a responding letter brief not to exceed five pages.

IT IS on this 14 day of April 2011,

ORDERED that JSM must submit its letter brief by April 22, 2011; and

ORDERED that Dewberry may submit its responding letter brief by April 29, 2011.

_____
PETER G. SHERIDAN, U.S.D.J.

---

[2] The Contract provides that Virginia law governs. Under Virginia law, "a third-party beneficiary to a contract is entitled to enforce the terms of the contract [but] is subject to defenses arising out of the contract." *Levine v. Selective Ins. Co. of Am.*, 250 Va. 282, 286-87 (1995) (citations omitted).